UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALPHEAUS E. MARCUS,

                Plaintiff,

-against-

ALEM ENTERPRISE, INC., CORPORATE ENTITY/ALTER EGO; BETE REALTY, CORPORATE ENTITY/ALTER EGO; ABJUL AHMED, OWNER/MANAGING AGENT OF CORPORATE ENTITIES; MIZRAHI LAW OFFICES, LLC, CORPORATE ENTITY; ROBERT MIZRAHI, OWNER/MANAGING AGENT OF CORPORATE ENTITY; CLARENCE YOUNG,

                Defendants.

23-CV-3884 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting that the court has subject matter jurisdiction of his claims under "18 U.S.C. 1962 (and 28 U.S.C. 1331[)] because it arises, in part, under the Federal Racketeer Influence and Corruption Organization Act ('Federal RICO')." (ECF No. 1 at 2-3.) By order dated August 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without payment of the filing fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Alpheaus E. Marcus, who is a tenant at 101 West 133rd Street, #4B, New York, New York, brings this complaint against the management and realty companies for his apartment building, the attorney for these companies, and the superintendent of the building. Plaintiff alleges that, on December 9, 2020, he responded to an apartment listing on Craigslist for a one-

bedroom apartment in Central Harlem advertised by Defendant Ahmed. (ECF No. 1 at 5.) On January 9, 2021, Plaintiff entered into a rental agreement for apartment 4B, with payments to be made electronically via Zelle. (Id.) Two days later, on January 11, 2021, Plaintiff alleges that he contacted the superintendent, Defendant Young, regarding the broken bedroom window and a lack of heat. (Id. at 6.) On January 18, 2021, Plaintiff moved into the apartment, but because of the size of the entrance and the overall apartment, he was forced to discard most of his property. (Id.) On February 8, 2021, Plaintiff complained to Defendant Young that the bathroom tub was clogged; Plaintiff later learned that he and the neighbor shared the same drainage system, and items in the neighbor's drain caused the clog. (Id.) On February 12, 2021, when the outside temperature was 24 degrees, Plaintiff texted Defendants Young and Ahmed regarding the heat. (Id.)

On July 5, 2021, Plaintiff received notification from Con Edison that was contrary to his agreement with Defendants that all utilities were included in the rent. (Id.) Plaintiff was advised that he was now responsible for paying for electricity, and that Defendants would supplement up to $50.00 for its misrepresentation and Plaintiff's inconvenience. (Id.) On July 26, 2021, Plaintiff again complained to Defendants Young and Ahmed that his tub was clogged, and one month later, on August 23, 2021, Plaintiff sought the assistance of an outside contractor, as a result of Defendants' failure to correct the problems in the apartment. (Id.) In doing so, Plaintiff asserts that he obtained a copy of the designs filed with the New York State Buildings Department and discovered that the apartment was not being used in accordance with its intended use. (Id.) In response to acquiring this information, on or about September 16, 2021, Plaintiff contacted Defendant Ahmed and requested the return of prior rent paid, the security deposit, and other out-of-pocket expenses that Plaintiff incurred because the one-bedroom apartment he rented had

3

been illegally converted from a studio apartment and the issue of his bathroom tub being clogged had not been resolved. (Id. at 7.)

The next day, Plaintiff filed a complaint with the New York City Department of Housing Preservation & Development and the New York City Building Department based upon his belief that Defendants illegally converted his apartment. (Id.) On November 11, 2021, Defendant Ahmed, through Defendant Mizrahi, served Plaintiff with notice to terminate Plaintiff's lease. Plaintiff again requested a refund of the rent and deposit he paid but asserts that his request was ignored. (Id.) Plaintiff brings this action seeking monetary damages from each Defendant and disciplinary sanctions to revoke Defendant Mizrahi's license to practice law in the state of New York.

A review of the electronic records of the New York State Courts reveals that on November 9, 2023, Defendant Alem Enterprises, Inc. filed a landlord/tenant action in the Harlem Community Justice Center against Plaintiff for nonpayment of rent, and the next scheduled appearance date is January 8, 2024.[1] *See Alem Enterprises, Inc. v. Marcus*, LT-301927-23/HA.

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

---

[1] *See* https://iapps.courts.state.ny.us/webcivilLocal/ [https://perma.cc/KEC7-7KVH].

matter jurisdiction.'" *United Food & Commercial Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1. **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating that the claim has a basis in federal law, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's claims do not fall under the court's federal-question jurisdiction. Plaintiff seeks to be awarded money damages for Defendants' alleged breach of the lease agreement. However, "federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters." *Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005); *see also McMillan v. Lisco Holdings L.L.C.*, No. 13-CV-4569 (KBF), 2013 WL 5550332, at *2 (S.D.N.Y. Oct. 2, 2013); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (collecting cases); *Soms v. Aranda*, No. 00-CV-9626 (DLC),

5

2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001) (noting that landlord-tenant actions "involve[] complex questions of state law").

Plaintiff's invocation of RICO fails to establish federal question jurisdiction. To state a civil RICO claim, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Such a person must also "allege that he was 'injured in his business or property *by reason of* a violation of section 1962.'" *Id.* (quoting § 1964(c)) (italics in original).

To state a claim of a civil RICO conspiracy under Section 1962(d), a plaintiff must allege facts showing that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must also show that "if the agreed upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45.

Plaintiff does not provide any facts that would support any claim under civil RICO – either a claim for civil enforcement or one of conspiracy. Plaintiff names three different entities and individuals employed by these different entities, but he does not allege that these Defendants agreed to carry out the alleged acts.

Plaintiff seeks to assert claims under a federal criminal statute, but he cannot initiate the arrest and prosecution of any individual or entity in this Court because "the decision to prosecute

is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Because Plaintiff fails to plead any other facts suggesting that he has any basis for a claim based in federal law, it does not appear that the Court has federal question jurisdiction of this matter.[2]

### 2. Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action under 28 U.S.C. § 1332. To establish diversity of citizenship jurisdiction, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship. Specifically, the two Defendants who appear to be personally involved in the alleged violations are residents of New York.

---

[2] To the extent that Plaintiff seeks to assert constitutional claims under 42 U.S.C. § 1983, he has not demonstrated any viable basis for pursuing such claims against Defendants. Private parties are not generally liable under federal law. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

### B. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has not pleaded any facts suggesting that there is a basis for this Court to exercise subject matter jurisdiction of Plaintiff's claims, the Court therefore declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction.[3] *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:  January 2, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[3] The Court's dismissal of this action does not preclude Plaintiff from pursuing his claims against Defendants in the appropriate state court.